**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| APRIL BEYRENT, ) | Case No. 2:17-cv-02446-JAD-CWH |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| NANCY A. BERRYHILL, acting ) | |
| commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |

Presently before the Court is Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1), filed on September 19, 2017.

**I.    *In Forma Pauperis* Application**

Plaintiff has submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Plaintiff's complaint challenges a decision by the Social Security Administration ("SSA") denying benefits. Before filing suit, a plaintiff must exhaust administrative remedies. *See* 42 U.S.C. § 405(g); *see also Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curiam) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). Generally, if the SSA denies a claimant's application for disability benefits, he can request reconsideration of the decision. If the claim is denied at the reconsideration level, a claimant may request a hearing before an Administrative Law Judge ("ALJ"). If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines to review the ALJ's decision, a claimant may then request judicial review. *See generally* 20 C.F.R. §§ 404, 416.

Once a plaintiff has exhausted administrative remedies, he can obtain judicial review of an SSA decision denying benefits by filing suit within sixty days after notice of a final decision. 42 U.S.C. § 405(g). An action for judicial review of a determination by the SSA must be brought "in the district court of the United States for the judicial district in which the plaintiff resides." *Id.* The complaint should state the nature of plaintiff's disability, when plaintiff claims he became disabled, and when and how he exhausted his administrative remedies. The Complaint should also contain a plain, short, and concise statement identifying the nature of plaintiff's disagreement with the SSA's determination and show that plaintiff is entitled to relief. A district court can affirm, modify, reverse, or remand a decision if plaintiff has exhausted his administrative remedies and timely filed a civil action. However, judicial review of the Commissioner's decision to deny benefits is limited to determining: (a) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner; and

1  (b) whether the correct legal standards were applied. *Morgan v. Commissioner of the Social Security*
2  *Adm.*, 169 F.3d 595, 599 (9th Cir. 1999).

Here, the court finds that Plaintiff does allege that she has exhausted her administrative remedies when the Appeals Council denied her request for review on July 28, 2017. However, Plaintiff failed to state the nature of her disability, when she became disabled, or to include a short, plain statement identifying the nature of her disagreement with the SSA's determination and showing that she is entitled to relief. The court therefore will dismiss Plaintiff's complaint without prejudice for the Plaintiff to file an amended complaint.

If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must state the nature of Plaintiff's disability, when Plaintiff claims she became disabled, and when and how she exhausted her administrative remedies. The amended complaint also must contain a short and plain statement identifying the nature of Plaintiff's disagreement with the determination made by the SSA and showing that Plaintiff is entitled to relief. Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give the Commissioner of Social Security fair notice of the reasons Plaintiff is seeking review of the Commissioner's decision.

Additionally, Plaintiff is advised that if she files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. A court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

IT IS THEREFORE ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED. Plaintiff will not be required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This Order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of the Court shall file Plaintiff's complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the Complaint (ECF No. 1-1) is DISMISSED without

prejudice for failure to state a claim upon which relief can be granted, with leave to amend. If Plaintiff chooses to file an amended complaint, Plaintiff must file the amended complaint within 30 days from the date of this Order. Failure to comply with this Order may result in a recommendation that this action be dismissed.

DATED: September 25, 2017

_____
C.W. Hoffman, Jr.
United States Magistrate Judge