1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

APRIL BEYRENT,

          Plaintiff,

    v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security
Administration,

          Defendant.

Case No. 2:17-cv-02446-JAD-CWH

**AMENDED REPORT AND
RECOMMENDATION**

      This matter was referred to the undersigned magistrate judge for a report of findings and

recommendations under 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4.  The case involves

review of an administrative action by the Commissioner of Social Security ("Commissioner")

denying Plaintiff April Beyrent's ("Plaintiff") application for disability insurance benefits under

Title II of the Social Security Act ("the Act").  The court has reviewed Plaintiff's motion for

reversal or to remand (ECF No. 22), filed April 3, 2018, and the Commissioner's response and

cross-motion to affirm (ECF Nos. 26, 25), filed June 4, 2018, and Plaintiff's reply (ECF No. 27),

filed June 25, 2018.

**I.**      **BACKGROUND**

      **1.**      **Procedural History**

      On March 17, 2014, Plaintiff applied for disability insurance benefits under Title II of the

Act, alleging an onset date of August 20, 2013.  AR[1] 138-146.  Plaintiff's claim was denied

initially, and on reconsideration.  AR 96-99.  A hearing was held before an Administrative Law

Judge ("ALJ") on November 25, 2015.  AR 50-82. On March 9, 2016, the ALJ issued a decision

---

[1] AR refers to the Administrative Record in this matter.  (Notice of Manual Filing (ECF No. 13).)

finding Plaintiff was not disabled.  AR 29-45.  The ALJ's decision became the Commissioner's

final decision when the Appeals Council denied review.  AR 4-11.  Plaintiff, on September 19,

2017, commenced this action for judicial review under 42 U.S.C. §§ 405(g).  (*See* Compl. (ECF

No. 4).)

### 2.    The ALJ Decision

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R.

§§ 404.1520 and 416.920.  AR 32-34.  At step one, the ALJ found that Plaintiff had not engaged

in substantial gainful activity from the alleged onset date of August 20, 2013 through her date last

insured of December 31, 2014.  AR 34.  At step two, the ALJ found that Plaintiff had medically

determinable "severe" impairments of degenerative disc disease.  *Id.*  At step three, the ALJ

found that Plaintiff did not have an impairment or combination of impairments that met or

medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  AR 34-35.

At step four, the ALJ found that Plaintiff has the residual functional capacity to perform sedentary

work as defined in 20 C.F.R. §§ 404.1567(a) except that she cannot climb ladders or scaffolds

and can only occasionally stoop, kneel, crouch, crawl, and climb stairs.  She needs to alternate

sitting and standing approximately every 30 minutes.  *Id.*  The ALJ found that Plaintiff is unable

to perform any past relevant work.  AR 39.  Plaintiff was born on August 18, 1973 and was 41

years old, which is defined as a younger individual age 18-44 on the date last insured.  *Id.*

Plaintiff has at least a high school education and is able to communicate in English.  *Id.*

Transferability of job skills is not material to the determination of disability.  *Id.*  Through the

date last insured, considering the claimant's age, education, work experience, and the residual

functional capacity, there are jobs that exist in significant numbers in the national economy that

the claimant could have performed.  *Id.*  Accordingly, the ALJ concluded that Plaintiff was not

under a disability at any time from August 20, 2013, through December 31, 2014, the date last

insured.  AR 40.

//

//

//

1    II.    **DISCUSSION**

2        1.    **Standard of Review**

3        Administrative decisions in social security disability benefits cases are reviewed under 42

4    U.S.C. § 405(g).  *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).  Section 405(g)

5    states: "Any individual, after any final decision of the Commissioner of Social Security made

6    after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a

7    review of such decision by a civil action . . . brought in the district court of the United States for

8    the judicial district in which the plaintiff resides."  The court may enter "upon the pleadings and

9    transcripts of the record, a judgment affirming, modifying, or reversing the decision of the

10    Commissioner of Social Security, with or without remanding the cause for a rehearing."  *Id.*  The

11    Ninth Circuit reviews a decision affirming, modifying, or reversing a decision of the

12    Commissioner de novo.  *See Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004).

13        The Commissioner's findings of fact are conclusive if supported by substantial evidence.

14    *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005).  However, the

15    Commissioner's findings may be set aside if they are based on legal error or not supported by

16    substantial evidence.  *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir.

17    2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  The Ninth Circuit defines

18    substantial evidence as "more than a mere scintilla but less than a preponderance; it is such

19    relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

20    *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d

21    1211, 1214 n.1 (9th Cir. 2005).  In determining whether the Commissioner's findings are

22    supported by substantial evidence, the court "must review the administrative record as a whole,

23    weighing both the evidence that supports and the evidence that detracts from the Commissioner's

24    conclusion."  *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80

25    F.3d 1273, 1279 (9th Cir. 1996).

26        Under the substantial evidence test, findings must be upheld if supported by inferences

27    reasonably drawn from the record.  *Batson*, 359 F.3d at 1193.  When the evidence will support

28    more than one rational interpretation, the court must defer to the Commissioner's interpretation.

1   *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human*

2   *Serv.,* 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether

3   the Commissioner could reasonably have reached a different conclusion, but whether the final

4   decision is supported by substantial evidence. It is incumbent on the ALJ to make specific

5   findings so that the court does not speculate as to the basis of the findings when determining if the

6   Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact

7   without explicit statements as to what portions of the evidence were accepted or rejected are not

8   sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should

9   be as comprehensive and analytical as feasible, and where appropriate, should include a statement

10  of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

11          **2.      Disability Evaluation Process**

12          The individual seeking disability benefits has the initial burden of proving disability.

13  *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must

14  demonstrate the "inability to engage in any substantial gainful activity by reason of any medically

15  determinable physical or mental impairment which can be expected . . . to last for a continuous

16  period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual

17  must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R.

18  § 404.1514. If the individual establishes an inability to perform her prior work, then the burden

19  shifts to the Commissioner to show that the individual can perform other substantial gainful work

20  that exists in the national economy. *Reddick*, 157 F.3d at 721.

21          The ALJ follows a five-step sequential evaluation process in determining whether an

22  individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If

23  at any step the ALJ determines that he can make a finding of disability or nondisability, a

24  determination will be made and no further evaluation is required. *See* 20 C.F.R. §

25  404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to

26  determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. §

27  404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves

28  doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)-(b). If

the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not

engaged in SGA, then the analysis proceeds to the step two. Step two addresses whether the

individual has a medically determinable impairment that is severe or a combination of

impairments that significantly limits her from performing basic work activities. *Id.*

§ 404.1520(c). An impairment or combination of impairments is not severe when medical and

other evidence establishes only a slight abnormality or a combination of slight abnormalities that

would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see

also* Social Security Rulings ("SSRs") 85, 96-3p, and 96-4p.[2] If the individual does not have a

severe medically determinable impairment or combination of impairments, then a finding of not

disabled is made. If the individual has a severe medically determinable impairment or

combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or

combination of impairments meet or medically equal the criteria of an impairment listed in 20

C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If

the individual's impairment or combination of impairments meet or equal the criteria of a listing

and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20

C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not

meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds

to step four.

Before moving to step four, however, the ALJ must first determine the individual's

residual functional capacity ("RFC"), which is a function-by-function assessment of the

individual's ability to do physical and mental work-related activities on a sustained basis despite

limitations from impairments. *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p. In making this

finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to

---

[2] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

which the symptoms can reasonably be accepted as consistent with the objective medical

evidence and other evidence.  20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p.  To the

extent that statements about the intensity, persistence, or functionally limiting effects of pain or

other symptoms are not substantiated by objective medical evidence, the ALJ must make a

finding on the credibility of the individual's statements based on a consideration of the entire case

record.  The ALJ must also consider opinion evidence in accordance with the requirements of 20

C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform

her past relevant work ("PRW").  20 C.F.R. § 404.1520(f).  PRW means work performed either

as the individual actually performed it or as it is generally performed in the national economy

within the last 15 years or 15 years before the date that disability must be established.  In

addition, the work must have lasted long enough for the individual to learn the job and performed

a SGA.  20 C.F.R. §§ 404.1560(b) and 404.1565.  If the individual has the RFC to perform her

past work, then a finding of not disabled is made.  If the individual is unable to perform any PRW

or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do

any other work considering her RFC, age, education, and work experience.  20 C.F.R.

§ 404.1520(g).  If she is able to do other work, then a finding of not disabled is made.  Although

the individual generally continues to have the burden of proving disability at this step, a limited

burden of going forward with the evidence shifts to the Commissioner.  The Commissioner is

responsible for providing evidence that demonstrates that other work exists in significant numbers

in the national economy that the individual can do.  *Yuckert*, 482 U.S. at 141-42.

### 3.    Analysis

#### a.  Whether the ALJ properly rejected Dr. Weingarten's opinion

Plaintiff first moves to remand this matter because the ALJ improperly rejected the

opinions of Dr. Weingarten.  Plaintiff argues that the ALJ's finding is an improper medical

finding, and that the ALJ improperly substituted his judgment for that of the physician.  The

Commissioner responded that ALJ properly evaluated the opinion.  In evaluating medical

1  opinions, the ALJ must provide "clear and convincing" reasons supported by substantial evidence

2  for rejecting the uncontradicted opinion of an examining physician. *Lester v. Chater*, 81 F.3d

3  821, 830-831 (9th Cir. 1995).

4      At the hearing, the ALJ decided to refer Plaintiff to a physician to obtain a report

5  regarding Plaintiff's limitations, and to obtain additional medical records. AR 71. Dr.

6  Weingarten was the consultative examiner who provided a report, and opined that Plaintiff

7  retained a fairly restrictive RFC. AR 38. Although there was no evidence that the opinion was

8  contradicted, the ALJ gave little weight to Dr. Weingarten's opinions, indicating that the opinion

9  is a reflection of the claimant's current functioning and not of the claimant's functioning at the

10  time of the date last insured. *Id.*

11      The ALJ explained that in July 2013 (a month prior to her alleged onset date), claimant

12  sought treatment for lower back and hip pain. AR 36. She was 19 weeks pregnant at the time.

13  She received physical therapy, which noted that she had some impairment in strength, range of

14  motion, gait, balance, and functional mobility, but was also self-employed and working from

15  home. *Id.* After Plaintiff gave birth to the first of her two children in January 2014, she

16  complained of back pain, and she received epidural steroid injections which she claimed provided

17  tremendous pain relief. AR 36. Examinations showed she was much more comfortable with full

18  strength in her extremities, and she started working out at the gym in lieu of starting

19  recommended physical therapy. *Id.* She continued to receive injections in March, August, and

20  September 2014, and in October 2014, noted adequate pain management and increased activity

21  level, and treatment providers noted that she was stable on her current medication regimen and

22  that it had not changed in greater than six months. AR 36-37. Her function and activities of daily

23  living were also noted to have improved optimally on her current dose of medications. AR 37.

24  The ALJ explained that much of the evidence the claimant submitted was for treatment after

25  December 31, 2014, and that the records provided prior to that time were more persuasive for the

26  relevant time period. AR 37. He noted that not one of the claimant's treating physician provided

27  a medical opinion on the claimant's ability to perform work-related activities, nor is there any

28  opinion from a non-medical third party. The ALJ noted that nothing in any of the records from

those doctors indicated that claimant had any severe functional impairment which equated with a disabling impairment. AR 38.

Plaintiff's eligibility for Plaintiff's date last insured was December 31, 2014. AR 34. To obtain Title II Disability Insurance Benefits, Plaintiff must prove her eligibility before the expiration of her insured status. *See Burch*, 400 F.3d at 679 (claimant must prove that she is disabled before her insured status expires); *Vincent v. Heckler*, 739 F.2d 1393, 1394 (9th Cir. 1984) ("only disabilities existing before [a claimant's insured status expires] can trigger insurance benefits"). Dr. Weingarten conducted his orthopedic consultative examination of Plaintiff in January of 2016, but Plaintiff's date last insured was December 31, 2014. AR 34, 38. The doctor noted that Plaintiff provided "minimal records" for his review. AR 38. The Commissioner notes that Dr. Weingarten himself stated that, "[n]o," Plaintiff's limitations had not lasted for twelve months, which it argues is an obvious contradiction that again suggests the doctor did not have any real basis for rendering a retroactive opinion. *See* AR 774. The court finds this argument persuasive. *See Tidwell v. Apfel*, 161 F.3d 599 (9th Cir. 1998) (where the doctor did not examine claimant until more than a year after the expiration of her insured status, coupled with other contradictory medical evidence, fully supported ALJ's determination that the doctor's submissions were not convincing). The court finds that the ALJ provided "clear and convincing" reasons supported by substantial evidence to reject Dr. Weingarten's opinion because it was not reliable or probative for the period ending December 31, 2014.

### b. Plaintiff's credibility

Plaintiff next moves to remand this matter because the ALJ improperly rejected Plaintiff's pain and symptoms testimony. The ALJ found that claimant's statements concerning the intensity, persistence and limiting effects of her symptoms are not entirely consistent with the medical evidence and other evidence in the record. The Commissioner responds that the ALJ properly found that Plaintiff's testimony was inconsistent with the record.

The Commissioner's regulations prohibit granting disability benefits based solely on a claimant's subjective complaints. *See* 20 C.F.R. § 404.1529(a) ("statements about your pain or other symptoms will not alone establish that you are disabled"). "An ALJ cannot be required to

1   believe every allegation of [disability], or else disability benefits would be available for the

2   asking, a result plainly contrary to [the Act]." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

3   If the ALJ rejects the claimant's complaints, the ALJ must provide "clear and convincing

4   reasons" for the disbelief." *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

5       The ALJ must state why the testimony is unpersuasive and must point to what specific

6   testimony or evidence undermines the claimant's testimony. *See Morgan v. Comm'r of Soc. Sec.*

7   *Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). Absent affirmative evidence that the claimant is

8   malingering, the ALJ's reasons for rejecting the claimant's testimony must be clear and

9   convincing. *Valentine v. Comm'r Social Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009). The

10  ALJ "may not reject a claimant's subjective complaints based solely on a lack of medical

11  evidence to fully corroborate the alleged severity of pain." *Burch*, 400 F.3d at 680. This is

12  because the lack of an objective medical basis is just one factor in evaluating the credibility of a

13  claimant's testimony and complaints. *Seev Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991)

14  (en banc).

15      The Ninth Circuit has upheld an ALJ's finding that a claimant's testimony is not credible

16  when the ALJ cited specific instances in the record supporting this determination. *See, e.g.,*

17  *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (upholding ALJ's credibility determination

18  when he pointed out numerous lab results that contradicted his subjective complaints). *See also,*

19  *Batson*, 359 F.3d at 1196-97 (ALJ's credibility determination upheld because the ALJ cited

20  specific testimony from a doctor which contradicted the claimant's allegations). But the Ninth

21  Circuit has also found general findings insufficient. *See Robbins v. Social Sec. Admin.*, 466 F.3d

22  880, 884-85 (9th Cir. 2006) (ALJ required to provide a "narrative discussion" and state specific

23  evidence in the record supporting an adverse credibility finding). If "evidence can support either

24  affirming or reversing the ALJ's decision," this Court may not substitute its judgment for that of

25  the ALJ's. *Id.* at 882.

26  //

27  //

28  //

In making a credibility determination regarding pain, the ALJ may consider:

> 1. [t]he nature, location, onset, duration, frequency, radiation, and intensity of any pain; 2. [p]recipitating and aggravating factors (e.g., movement, activity, environmental conditions); 3. [t]ype, dosage, effectiveness, and adverse side effects of any pain medication; 4. [t]reatment, other than medication, for relief of pain; 5. [F]unctional restrictions; and 6. [t]he claimant's daily activities[,]

along with "ordinary techniques of credibility evaluation." *Bunnell*, 947 F.2d at 346 (citing SSR 88-13).

Here, the ALJ explained Plaintiff's inconsistent statements which undermined the credibility of her claims. AR 36. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) ("ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct[.]"). Plaintiff claimed that "she had stopped working . . . due to the inability to travel to events," but later admitted "she was able to travel with her husband who was self-employed." AR 37. Plaintiff claimed that she could not perform even a seated job because she would "have to move around all the time, stretch" and "could scream just out of nowhere" from her pain. AR 70. The ALJ noted that Plaintiff sat at the hearing for one hour without changing positions. AR 37. *See Matney v. Sullivan*, 981 F.2d 1016, 1020 (9th Cir. 1992) (when assessing credibility, the ALJ may consider the claimant's "demeanor and appearance at the hearing").

The ALJ also explained that in November 2013, Plaintiff was offered a referral to an interventional pain doctor to address her complaints, but Plaintiff declined, calling into question the degree of pain. AR 36. *See Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (quoting *Orn. v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007)) ("[I]f a claimant complains about disabling pain but fails to seek treatment, or fails to follow prescribed treatment, for the pain, an ALJ may use such failure as a basis for finding the complaint unjustified or exaggerated[.]"). Similarly, in January 2014, Plaintiff was offered physical therapy, but deferred, stating she had started working out in the gym. AR 36. Additionally, the ALJ noted that after receiving an injection treatment, Plaintiff reported that it "provided her with tremendous relief" and that she "is now almost off pain medications and is able to get around and look after her daughter much better in the past."

AR 544.  *See Celaya v. Halter*, 332 F.3d 1177, 1181 (9th Cir. 2003) (pain complaints properly rejected where the ALJ "reasonably noted" evidence that pain had come under control).  In October 2014, two months before her Title II eligibility expired, Plaintiff reported that with her current medication regiment, her pain symptoms are adequately managed.  AR 37.

Accordingly, the ALJ provided clear and convincing reasons for rejecting the claimant's testimony.  *Valentine*, 574 F.3d at 693.  The ALJ's credibility analysis was supported by substantial evidence, and it is entitled to great deference.  *See Parra*, 481 F.3d at 750 ("questions of credibility and resolution of conflicts in the testimony are functions solely for the agency.").

## IV.    CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motion to remand (ECF No. 22) be DENIED.

IT IS FURTHER RECOMMENDED that the Commissioner's cross-motion to affirm (ECF No. 25) be GRANTED.

## V.    NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: August 2, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE